## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOSE MONGE RAMIREZ
c/o 519 H Street NW
Washington, DC 20001

      Plaintiff,

v.

2121 K STREET, LLC
d/b/a HOMESLYCE DC
2121 K Street NW
Washington, DC 20037

EMRE BEKTAS
638 South Kenwood Avenue
Baltimore, MD 21224

MURAT ALI SIYAM
13907 Flint Rock Road
Rockville, MD 20853

      Defendants.

Civil Action No. _____

## COMPLAINT

1.     While Plaintiff worked at Defendants' pizza restaurant, Defendants paid him a flat bi-weekly salary that denied him minimum and overtime wages.

2.     Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5.      Plaintiff Jose Monge Ramirez is an adult resident of the District of Columbia.

6.      Defendant 2121 K Street, LLC is a District of Columbia corporate entity. It does business as HomeSlyce DC. Its principal place of business is located at 2121 K Street NW, Washington, DC 20037. Its registered agent for service of process is Incorp Services, Inc., 1090 Vermont Avenue NW, Suite 910, Washington, DC 20005.

7.      Defendant Emre Bektas is an adult resident of Maryland. He resides at 638 South Kenwood Avenue, Baltimore, MD 21224. He is an owner and officer of Defendant 2121 K Street, LLC. He exercises control over the operations of 2121 K Street, LLC — including its pay practices.

8.      Defendant Murat Ali Siyam is an adult resident of Maryland. He resides at 13907 Flint Rock Road, Rockville, MD 20853. Upon information and belief, he is an owner and officer of Defendant 2121 K Street, LLC. He exercises control over the operations of 2121 K Street, LLC — including its pay practices.

**Factual Allegations**

9.      Defendants operate the restaurant HomeSlyce DC, located at 2121 K Street NW, Washington, DC 20037.

10.     Plaintiff worked at HomeSlyce DC from approximately October 22, 2017 through approximately November 30, 2018.

11.     Plaintiff worked at HomeSlyce DC approximately one week prior to when it opened for customers. Plaintiff helped Defendants prepare the restaurant for its opening.

12.     Plaintiff worked at HomeSlyce DC as a kitchen laborer.

13.     Plaintiff's job duties at HomeSlyce DC primarily consisted of cutting vegetables and meats, preparing pizza dough, cooking food, baking pizzas, performing inventory, stocking supplies, washing dishes, and cleaning.

14.     Plaintiff typically and customarily worked six days per week.

15.     Plaintiff typically and customarily worked 67.0–72.0 hours per week.

16.     At all relevant times, Defendants paid Plaintiff a biweekly salary.

17.     Defendants paid Plaintiff approximately the following biweekly salaries:

| Approximate Dates | Biweekly Salary |
| --- | --- |
| Oct. 22, 2017–May. 31, 2018 | $1,325.00 |
| Jun. 01, 2018–Nov. 30, 2018 | $1,400.00 |

18.     At all relevant times, Defendants paid Plaintiff by check.

19.     Plaintiff worked more than forty hours per workweek for Defendants.

20.     Defendants paid Plaintiff the same effective hourly rate across all hours worked.

21.     Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

22.     In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable D.C. minimum wage.

23.     Defendants paid Plaintiff approximately the following effective hourly rates:

| Approximate Dates | Biweekly Salary | Effective Hourly Rate |
| --- | --- | --- |
| Oct. 22, 2017–May. 31, 2018 | $1,325.00 | $9.89 |
| Jun. 01, 2018–Nov. 30, 2018 | $1,400.00 | $10.45 |

24.     Employers in the District of Columbia were required to pay non-exempt employees at least $12.50 per hour from July 1, 2017 through June 30, 2018, and $13.25 per hour from July 1, 2018 through the present. D.C. Code § 32-1003(a).

25.     Moreover, Defendants required Plaintiff to use, wash, and maintain a work uniform.

26.     Since Defendants required Plaintiff to wash and maintain his work uniform, Defendants were required to pay him $0.10 per hour in addition to the D.C. minimum wage. 7 DCMR § 908.2.

27.     Defendants owe Plaintiff approximately $22,100.00 in minimum and overtime wages (excluding liquidated damages).

28.     Defendant Emre Bektas personally hired Plaintiff.

29.     Defendant Murat Ali Siyam set Plaintiff's work schedule.

30.     Defendant Murat Ali Siyam changed Plaintiff's work schedule.

31.     Defendant Murat Ali Siyam signed Plaintiff's paychecks.

32.     Defendant Murat Ali Siyam issued Plaintiff's paychecks.

33.     At all relevant times, Defendants had the power to hire and fire Plaintiff.

34.     At all relevant times, Defendants had the power to control Plaintiff's work schedule.

35.     At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

36.     At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

37.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 hours in any one workweek.

38.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable minimum wage.

39.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to Plaintiff.

40.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

41.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

42.     At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

43.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

44.     Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

45.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

46.     Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

47.     Defendants' violations of the FLSA were willful.

48.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

49.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

50.     Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

51.     The DCMWA requires that employers pay non-exempt employees at least $12.50 per hour from July 1, 2017 through June 30, 2018, and $13.25 per hour from July 1, 2018 through the present. D.C. Code § 32-1003(a).

52.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

53.     Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

54.     Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of 40 hours in any one work-week.

55.     Defendants' violations of the DCMWA were willful.

56.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and over-time wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

57.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

58.     Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

59.     The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

60.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

61.     For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

62.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including minimum and overtime wages.

63.     Defendants' violations of the DCWPCL were willful.

64.     For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$92,831.00**, and grant the following relief:

a.      Award Plaintiff $88,400.00, consisting of the following overlapping elements:

i.      unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii.       Unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

      iii.      unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.      Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $4,031.00);

d.      Award Plaintiff court costs (currently, $400.00); and

e.      Award any additional relief the Court deems just.

Date: June 27, 2019                Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*